■ AUGUSTA LANGSAM, Appellant, v. MAURICE J. LANGSAM, Respondent. — In an action for a separation and an injunction restraining the prosecution of an action for divorce in the State of Florida, the appeal is from a judgment dismissing the complaint on the merits after trial. At the outset of the trial a motion was made to dismiss the complaint and it was agreed between counsel that certain facts relating to the validity of the causes of action set forth in the complaint would be stipulated, that on such agreement the court would determine as a matter of law whether the two causes of action set forth were sufficient, and that if the motion to dismiss should be denied appellant might have an opportunity to submit whatever proof she might have with respect to the allegations of the complaint. After the pertinent facts had been stipulated, the court granted the motion and dismissed the complaint on the merits. It was agreed that on June 11, 1956, at which time the parties were living separate and apart, they entered into a separation agreement providing for a substantial cash settlement on appellant, for payments by respondent for her support and maintenance, and other matters. The agreement contained no specific covenant against molestation, nor did it contain a covenant not to bring an action for divorce. It is agreed that respondent has made all payments required to be made by the agreement and that he has duly performed all affirmative acts provided for. On October 11, 1956 respondent, although concededly a resident of and domiciled in the State of New York, filed a bill of complaint for divorce in Florida, serving appellant with notice thereof by mail. This suit has, subsequent to the commencement of this action, on respondent's own motion been dismissed. The complaint here seeks a separation on the grounds of abandonment, nonsupport and cruel and inhuman treatment and, in a second cause of action, an injunction restraining appellant from prosecuting an action for divorce in the State of Florida. Appellant contends that respondent breached the separation agreement when he instituted the Florida divorce action and that thereafter appellant could declare the agreement at an end and proceed with this action for a separation. Respondent contends that the institution of the Florida action, which would patently be a nullity insofar as relieving him of his contractual obligations in this State, did not constitute a breach of the agreement and afford appellant ground for repudiating the same, and that the existing agreement is a bar to the maintenance of the action for a separation here. Judgment unanimously affirmed, without costs. We do not regard the institution of the Florida suit as constituting a breach of the separation agreement entitling appellant to repudiate it. We believe that the existence of a valid and subsisting provision for support and maintenance in the agreement bars the maintenance of a

separation action. Even had that action been prosecuted to its conclusion, it would not have affected appellant's contractual rights in this State. (*Borax* v. *Borax*, 4 N Y 2d 113; *Vanderbilt* v. *Vanderbilt*, 1 A D 2d 3, affd. 1 N Y 2d 342, affd. 354 U. S. 416.) On this record there is no proof that respondent is threatening or contemplating the institution of another divorce action in Florida or elsewhere, nor are any facts stipulated or agreed to which would warrant such an inference, and the second cause of action in the complaint does not contain any such allegation. Under these circumstances the issuance of a permanent injunction is not warranted. Present — Nolan, P. J., Wenzel, Murphy, Ughetta and Kleinfeld, JJ.